IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PETER KOSTYSHYN,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                ) Civ. No. 10-722-SLR
                                          )
ATTORNEY GENERAL BIDEN,                   )
et al.,                                   )
                                          )
                    Defendants.           )

## MEMORANDUM ORDER

At Wilmington this 15th day of September, 2011, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**.  Plaintiff Peter Kostyshyn ("plaintiff"), an inmate at the Howard

R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro

se and has been granted in forma pauperis status, filed this complaint on August 25,

2010.  He seeks injunctive relief.  (D.I. 1)

2. **Standard of review**.  The court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief.  See

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions).  The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a pro se

plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff filed the instant complaint asking this court to order the Governor of the State of Delaware, Jack Markell ("Governor Markell"), to investigate escheat matters. Plaintiff alleges that defendants Attorney General of the State of

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Delaware Biden ("Biden"), Deputy Attorney General Stuart Drowos ("Drowos"), and D.
Chi Chi ("Chi Chi") illegally interfered with plaintiff and his family in escheat items and
defrauded the Estate of Kataryna Kostyshyn ("the Estate") and her heirs, by
concealment and delay of distribution of assets. (D.I. 1) The court takes judicial notice
that plaintiff filed a writ of mandamus to compel the Court of Chancery of the State of
Delaware to schedule a hearing and to provide him access to all records regarding the
Estate. In denying the writ, the Supreme Court stated that the Estate was closed, all
funds advanced had been returned, and plaintiff's request was moot. *See In re
Kostyshyn*, 19 A.3d 301, 2011 WL 1486571 (Del. Apr. 19, 2011) (table decision).

7. **Discussion.** While not clear, it appears that plaintiff seeks a criminal
investigation of defendants' alleged acts. The court notes that it has no jurisdiction to
order Governor Markell to conduct an investigation. To the extent plaintiff refers to a
purported federal criminal complaint that warrants action, a court may refer the matter
to the United States Attorney. *See United States ex rel. Savage v. Arnold*, 403 F.Supp.
172, 174 (E.D. Pa. 1975); *accord Chase v. Riegel*, Civ. No. 09-6172 (RBK), 2010 WL
5418915 (D.N.J. Dec. 23, 2010). However, plaintiff's allegations are not sufficient to
establish probable cause to believe that defendants have violated federal criminal
statutes. The court perceives no reason, on the basis of the facts before it, to refer this
matter to any government agency. The complaint lacks an arguable basis in law or in
fact and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and
§ 1915A(b)(1).

-4-

8. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE